1

LATHAM & WATKINS LLP
  Katherine A. Lauer (Bar No. 138010)
2
    *katherine.lauer@lw.com*
  Jason M. Ohta (Bar No. 211107)
3
    *jason.ohta@lw.com*
  Amy E. Hargreaves (Bar No. 266255)
4
    *amy.hargreaves@lw.com*
  12670 High Bluff Drive
5
  San Diego, CA 92130
  Telephone: (858) 523-5400
6
  Facsimile: (858) 523-5450

7

*Attorneys for Defendants Sutter Health, Sutter*
*Valley Hospitals, Sutter Valley Medical*
8
*Foundation and Sutter Bay Hospitals*

9

UNITED STATES DISTRICT COURT
10

NORTHERN DISTRICT OF CALIFORNIA
11

OAKLAND DIVISION
12

13

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA *ex rel.* LAURIE M. HANVEY, | Case No. 4:14-cv-04100-KAW |
| Plaintiff, | **DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS RELATOR'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| SUTTER HEALTH, *et al.*, | |
| Defendants. | Date:  March 17, 2022 |
| | Time: 1:30 p.m. |
| | Ctrm: 4 |
| | Judge: Hon. Kandis A. Westmore |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 17, 2022 at 1:30 p.m., or as soon thereafter as the parties may be heard, before the Honorable Kandis A. Westmore, Magistrate Judge, United States District Court for the Northern District of California, in the Oakland Courthouse, Courtroom 4, 1301 Clay Street, Oakland, California 94612, Defendant Sutter Health will and hereby does move this Court for an order dismissing Relator Laurie Hanvey's ("Relator") Third Amended Complaint (Dkt. No. 175).  This motion is brought on the ground that Relator fails to plead with particularity violations of the False Claims Act and the California False Claims Act against Sutter Health.

Sutter Health's Motion is based on this Notice of Motion and Motion to Dismiss, the following Memorandum of Points and Authorities, all pleadings and papers in this action, and any oral argument of counsel.

Sutter Health seeks an order pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) dismissing Relator's Third Amended Complaint in its entirety against Sutter Health for failure to state a claim upon which relief can be granted.

1

## TABLE OF CONTENTS

2
**Page**

3   I.      INTRODUCTION ...................................................................................................... 1

4   II.     BACKGROUND ....................................................................................................... 1

5   III.    LEGAL STANDARD................................................................................................ 3

6   IV.     ARGUMENT............................................................................................................. 4

7           A.      Relator Fails to Plead Her FCA and CFCA Claims Against Sutter
                    Health With Particularity ............................................................................. 4
8
    V.      CONCLUSION.......................................................................................................... 9
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*Bly-Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001) ........................................................................ 5, 8

*Ebeid ex rel. United States v. Lungwitz,*
    616 F.3d 993 (9th Cir. 2010) .............................................................................. 4

*Frazier ex rel. United States v. Iasis Healthcare Corp.,*
    392 F. App'x 535 (9th Cir. 2010) ....................................................................... 4

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) .................................................................................. 9

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ........................................................................... 4, 8

*United States ex rel. Anita Silingo v. WellPoint, Inc.,*
    904 F.3d 667 (9th Cir. 2018) .............................................................................. 4

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ............................................................................ 3

*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.,*
    498 F. Supp. 2d 25 (D.D.C. 2007) ..................................................................... 5

*United States ex rel. Jones v. Sutter Health et al.,*
    No. 18-cv-02067, 2021 WL 3665939, Slip op. (N.D. Cal., Aug. 18, 2021)...................... 5, 7

*United States ex rel. Martinez v. KPC Healthcare Inc.,*
    2017 WL 10439030 (C.D. Cal. June 8, 2017) .................................................... 5

*United States ex rel. Modglin v. DJO Glob. Inc.,*
    114 F. Supp. 3d 993 (C.D. Cal. 2015), aff'd 678 F. App'x 594 (9th Cir. 2017) ............... 4, 7

*United States ex rel. Schaengold v. Mem'l Health, Inc.,*
    2014 WL 6908856 (S.D. Ga. Dec. 8, 2014) ...................................................... 5, 6

*United States v. Corinthian Colleges,*
    655 F.3d 984 (9th Cir. 2011) ........................................................................... 4, 8

*United States v. United Healthcare Ins.,*
    848 F.3d 1161 (9th Cir. 2016) ......................................................................... 3, 5

**STATUTES**

31 U.S.C. § 3729(a)(1)(A)-(C), G. ........................................................................ 1

31 U.S.C. § 3729(a)(1)(B) .................................................................................... 1

SUTTER HEALTH'S NOTICE OF MOTION AND
MOTION TO DISMISS RELATOR'S TAC
CASE NO. 4:14-cv-04100-KAW

42 U.S.C. § 1320a-7b(b) ................................................................................................ 1

42 U.S.C. § 1395nn ....................................................................................................... 1

Cal. Gov't Code § 12651(a)(1)-(3), 7 ........................................................................... 1

**RULES**

Fed. R. Civ. P. 9(b) ................................................................................................... 3, 4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

iii

SUTTER HEALTH'S NOTICE OF MOTION AND
MOTION TO DISMISS RELATOR'S TAC
CASE NO. 4:14-CV-04100-KAW

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   **I.    INTRODUCTION**

3            Relator Laurie M. Hanvey ("Relator"), who was employed for only two years as a

4   Compliance Officer at a single Sutter Health hospital (Sutter Medical Center Sacramento

5   ("SMCS")), filed her Third Amended Complaint ("TAC") alleging that certain arrangements with

6   physician groups at certain Sutter Health hospitals violated the False Claims Act ("FCA") and

7   California False Claims Act ("CFCA") beginning July 1, 2006.  After four (failed) attempts, it is

8   clear that Relator has no facts to allege against Sutter Health sufficient to resuscitate her deficient

9   FCA and CFCA claims.  Instead, Realtor seeks to obfuscate this Court with vague allegations

10  ascribing knowledge and direction to Sutter Health regarding these physician arrangements

11  without any supporting facts.   The heightened pleading standards of Federal Rule of Civil

12  Procedure 9(b) require more than this.   Relator must plead with specificity the role of *each*

13  *Defendant* in the alleged fraud, or otherwise allege the basis or theory under which each Defendant

14  is liable for that fraud.  Relator's repeated failure to provide those specific allegations clearly

15  reveals Relator's lack of personal knowledge regarding Sutter Health.  Relator therefore is unable

16  to plead with particularity her claims under the FCA and CFCA.

17           Accordingly, Relator's TAC must be dismissed with prejudice under Federal Rules of Civil

18  Procedure 12(b)(6) and 9(b).

19  **II.    BACKGROUND**

20           On September 10, 2014, Relator filed a *qui tam* action in the United States District Court

21  for the Northern District of California against ten Sutter entities and nine physician groups alleging

22  eight causes of action: four under the federal FCA, 31 U.S.C. § 3729(a)(1)(A)-(C), (G); and four

23  under the CFCA, Cal. Gov't Code § 12651(a)(1)-(3), (7).  *See* Dkt. No. 1.  Relator alleged that the

24  arrangements between these Sutter Health entities and physician groups violated the physician

25  self-referral law, 42 U.S.C. § 1395nn (the "Stark Law"), the Anti-Kickback Statute ("AKS"), *id.*

26  § 1320a-7b(b), and related state laws, giving rise to liability under the FCA and CFCA.

27

28

1    In October 2019, following a nearly five-year investigation, the United States and Relator

2    entered into a Settlement Agreement with Sutter Health and SMCS that covered alleged Stark Law

3    violations arising from arrangements with Sacramento Cardiovascular Surgeons Medical Group

4    ("Sac Cardio") between September 1, 2012 and September 30, 2014.  *See* TAC ¶ 158.  On

5    November 13, 2019, the United States and the State of California filed a notice with the Court

6    declining intervention as to any claims against any Sutter Health entities, *see* United States' and

7    State of California's Notice Regarding Election to Intervene, Dkt. No. 43, and the United States

8    and Relator subsequently filed a Stipulation of Partial Dismissal regarding the conduct covered by

9    the Settlement Agreement.  *See* Dkt. No. 44.

10   On January 21, 2020, Relator filed a First Amended Complaint ("FAC") containing

11   allegations regarding five Sutter Health-related entities (Defendants Sutter Health, Sutter Valley

12   Hospitals, Sutter Valley Medical Foundation, Sutter Bay Hospitals and Sutter Bay Medical

13   Foundation) (collectively, "Sutter Defendants") and eight physician groups ("Physician Group

14   Defendants").[1]  *See* Dkt. No. 46.  Maintaining the majority of her vague factual allegations from

15   the initial Complaint, Relator added new claims that Sutter Defendants knowingly retained

16   overpayments in violation of the FCA that exceeded the settlement amount during the same period,

17   and also knowingly retained overpayments outside of that period due to the same conduct.  *See*

18   FAC ¶ 147.

19   On June 25, 2020, the Sutter Defendants and Defendants Sutter Medical Group ("SMG"),

20   East Bay Cardiac Surgery Center Medical Group ("East Bay Cardiac"), California Emergency

21   Physicians Medical Group ("CEPMG GP"), Bass Medical Group ("BASS"), and Stephen K. Liu,

22   M.D. ("Dr. Liu"), filed separate motions to dismiss.  *See* Dkt. Nos. 74–79.  On January 27, 2021,

23   the Court issued an order requiring supplemental briefing on the motions to dismiss by the Sutter

24   Defendants and CEPMG GP, *see* Dkt. No. 128, and joint supplemental briefs were filed by Relator

25   and those parties on February 9, 2021, and February 16, 2021, *see* Dkt. Nos. 129, 130.

26

27

28

---

[1] Relator dropped her allegations against one of the physician group Defendants in the original
Complaint, East Bay Perinatal Medical Associates.

1    On March 17, 2021, the Court issued an order granting in part and denying in part

2  Defendants' Motions to Dismiss.  *See* Dkt. No. 131.  The Court found that Relator had failed to

3  allege fraud as to the relationships between the Sutter Defendants and Defendants SMG, BASS

4  and CEPMG GP, and that Relator had failed to allege a Stark Law violation as to the relationship

5  between the Sutter Defendants and Defendants Sac Cardio and East Bay Cardiac.  *Id.*  Based on

6  these findings, the Court dismissed Relator's claims, without prejudice, with the exception of "(1)

7  claims related to the AKS as to the relationship between Defendant Sutter Health and [Sac Cardio],

8  (2) claims related to the AKS as to the relationship between Defendant Sutter Health and

9  Defendant East Bay Cardiac, and (3) claims related to the relationship between Defendant Sutter

10  Health and Defendant Liu."  *Id.* at 36.

11    On May 3, 2021, Relator filed her Second Amended Complaint ("SAC").  *See* Dkt. No.

12  133.[2]  On June 15, 2021, the Sutter Defendants, SMG and BASS filed separate motions to dismiss.

13  *See* Dkt. Nos. 144, 146.  On November 2, 2021, this Court issued an order granting in part and

14  denying in part the Sutter Defendants' motion to dismiss.  *See* Dkt. No. 172 (the "Order").  The

15  Court also denied SMG's motion to dismiss and granted BASS's motion to dismiss.  *Id.*  In relevant

16  part, the Court found that Relator failed to plead her FCA and CFCA allegations against Sutter

17  Health and Sutter Valley Medical Foundation with particularity and accordingly, the Court

18  dismissed the claims against them without prejudice.  *Id.* at 6.  The Court granted Relator "one

19  chance to amend" the Complaint to sufficiently allege each individual entity's role in the alleged

20  schemes.  *Id.*  On December 8, 2021, Relator filed her TAC.  *See* Dkt. No. 175.

21  **III.    LEGAL STANDARD**

22    A claim under the FCA must not be only plausible, it must also be pled with particularity.

23  *See* Fed. R. Civ. P. 9(b); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

24  1047, 1054-55 (9th Cir. 2011).  The plaintiff therefore "must allege 'the who, what, when, where,

25  and how of the misconduct charged' including what is false or misleading about a statement, and

26  why it is false."  *United States v. United Healthcare Ins.*, 848 F.3d 1161, 1180 (9th Cir. 2016)

27  

28  [2] Sac Cardio and CEPMG GP were dismissed from the action pursuant to settlement agreements.
*See* Dkt. Nos. 72, 136.

1   (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).  For FCA

2   claims premised on alleged AKS or Stark Law violations, the relator must plead the particular

3   details of the alleged violations.  *See Frazier ex rel. United States v. Iasis Healthcare Corp.*, 392

4   F. App'x 535, 537 (9th Cir. 2010).

5        To successfully plead the element of knowledge under the FCA, a relator must allege (i)

6   that a defendant knew a claim for payment was false, or (ii) that it acted in reckless disregard or

7   deliberate indifference as to the truth or falsity of the claim.  *United States v. Corinthian Colls.*,

8   655 F.3d 984, 996 (9th Cir. 2011).  Although knowledge may be plead generally, a complaint must

9   still specify sufficient factual matter from which a defendant's knowledge of fraud may be

10  reasonably inferred.  *See* Fed. R. Civ. P. 9(b); *United States ex rel. Anita Silingo v. WellPoint, Inc.*,

11  904 F.3d 667, 679–80 (9th Cir. 2018).  If a complaint merely sets forth conclusory allegations that

12  a defendant knowingly submitted false claims, it should be dismissed for failure to adequately

13  allege scienter.  *See United States ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1024

14  (C.D. Cal. 2015), aff'd 678 F. App'x 594 (9th Cir. 2017).

15  **IV.    ARGUMENT**

16       **A.    Relator Fails to Plead Her FCA and CFCA Claims Against Sutter Health With Particularity**

17

18       On her fourth attempt, Relator still fails to plead a claim for relief against Sutter Health.

19  The Court dismissed the SAC as to Sutter Health and Sutter Bay Medical Foundation because the

20  SAC "does not appear to explain the roles of Defendants Sutter Health or Sutter Bay Medical

21  Foundation ….  Thus, the Court cannot find that these two Defendants committed actions that are

22  the basis for liability, or that they are liable for the actions taken by the other Sutter Health

23  Entities."[3]  Order at 6.

24       Claims sounding in fraud must allege "an account of the time, place, and specific content

25  of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz*

26  *v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citations omitted).  "Consistent with

27

28  ---
    [3] Relator finally dropped Sutter Bay Medical Foundation from her TAC because she had no
    personal knowledge of any facts that would have supported her remaining FCA causes of action.

these requirements, 'mere conclusory allegations of fraud are insufficient.'" *United States ex rel. Jones v. Sutter Health et al.*, No. 18-cv-02067, 2021 WL 3665939, Slip op. at *6 (N.D. Cal., Aug. 18, 2021) (quoting *United Healthcare*, 848 F.3d at 1180). Moreover, "[b]road allegations that include no particularized supporting detail do not suffice." *Id.* (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

Yet again, Relator fails to allege any specific facts connecting Sutter Health to the alleged fraud. Relator's TAC only mentions Sutter Health as its own distinct entity after failing to do so in her previous three complaints. Relator fails to give any particular details regarding the time, place, and specific content of any underlying AKS and/or Stark Law violations involving Sutter Health, as well as the identities of those Sutter Health individuals relating to those alleged violations. Specifically, Relator has failed to allege facts regarding Sutter Health's participation in any of the alleged schemes that Relator describes in the TAC—namely, that certain Sutter Health hospitals allegedly provided preferential medical directorships, call coverage, or other professional services arrangements and subsidized employees to Sac Cardio, East Bay Cardiac, Dr. Liu, and CEPMG GP and that SMG entered into preferential directorship agreements with Dr. David Roberts in order to induce or reward referrals. *See United States ex rel. Martinez v. KPC Healthcare Inc.*, No. 8:15-cv-01521-JLS-DFM, 2017 WL 10439030, at *6 (C.D. Cal. June 8, 2017) (dismissing FCA claims brought against a hospital's corporate parent on the grounds that Relator's "bare allegations" that the parent defendant "owned, operated, directed, and conspired with the hospital while alleged false claims were submitted" was not sufficient) (internal citation omitted); *see also United States ex rel. Schaengold v. Mem'l Health, Inc.*, No. 4:11-cv-58, 2014 WL 6908856, at *14–15 (S.D. Ga. Dec. 8, 2014) (dismissing FCA claims brought against a hospital's corporate parent on the ground that the complaint was without "allegations sufficient to support a finding that [parent company defendant] actually submitted a falsely certified cost report, or was directly involved in causing such a submission").

Relator alleges that SMCS provided Sac Cardio with preferential medical directorship and call coverage agreements, as well as with subsidized physician assistants. In 54 paragraphs

1   alleging facts related to this scheme, Relator includes not a single sentence identifying any

2   employee or agent of Sutter Health with involvement in or management over the arrangements.

3   *See* TAC ¶¶ 109-62.  In fact, Relator's only factual assertions regarding Sutter Health state that

4   two Sutter Health employees processed a payment related to the physician assistant arrangement

5   and that two Sutter Health employees knew about the physician assistant arrangement.  *See* TAC

6   ¶¶ 139-42.  Such statements assert no FCA or CFCA violation or any fact supporting the same

7   against Sutter Health, as the physician assistant arrangement was not *per se* illegal.  *See*

8   *Schaengold*, 2014 WL 6908856 at *14 (finding that complaint's allegations that the parent

9   company defendants "were involved in setting up the compensation arrangements that allegedly

10  violated the Stark Statute" were "insufficient to state a claim for violations of the FCA under the

11  Government's reverse false claims theory").   Relator sets forth no fact to even suggest Sutter

12  Health's knowledge of commercial reasonableness, value, intent to induce referrals, or

13  arrangement stacking, nor any knowledge of the medical director and call coverage arrangements.

14  Instead, taking Relator's allegations as true at this stage of the proceedings, the Sac Cardio

15  arrangements were entered into and managed solely at the hospital level.  Her failure to assert any

16  allegation of illegal activity or knowledge of illegal activity by any Sutter Health agent or

17  employee is fatal to her Sac Cardio claims against Sutter Health.

18         Relator similarly fails to assert a single factual allegation against Sutter Health as to any of

19  the additional schemes set forth in the TAC.  First, Relator alleges that SMG induced referrals

20  from Dr. David Roberts through certain medical directorship agreements.  In her 10 paragraphs

21  regarding the alleged Dr. Roberts scheme, Relator includes not a single allegation that Sutter

22  Health had any involvement in the arrangement, its management, its payments, or its purpose.  *See*

23  TAC ¶¶ 163-72.

24         Second, Relator alleges that Sutter East Bay Hospitals entered into medical directorship,

25  call coverage, and data collection services arrangements with physician group East Bay Cardiac

26  with intent to induce or reward referrals.  Not one of the 15 paragraphs set forth related to this

27  alleged scheme indicates any involvement by Sutter Health.  *See* TAC ¶¶ 173-87.

28

1    Third, Relator alleges that Memorial Medical Center and Memorial Hospital Los Banos

2    entered into a call coverage arrangement with Dr. Liu that violated the AKS.  None of the 14

3    paragraphs related to Dr. Liu show any knowledge or management of the arrangement by Sutter

4    Health—not the value of the arrangement, the work performed by Dr. Liu, or any other facts

5    required to state a claim against Sutter Health.  *See* TAC ¶¶ 188-201.

6    Finally, Relator alleges that certain Sutter Valley Hospitals entered into arrangements with

7    CEPMG GP for mid-level providers and for services rendered to underinsured patients in order to

8    induce or reward referrals.  Once again, none of the 22 paragraphs dedicated to these arrangements

9    state any claim against Sutter Health, nor that Sutter Health had any knowledge of the value of the

10   arrangements, their commercial reasonableness, or their purpose.  *See* TAC ¶¶ 202-23.

11   Instead of including any allegations of Sutter Health's involvement in these alleged

12   schemes, Relator simply repeats without any factual support that her allegations were done "with

13   the knowledge of and at the direction of SUTTER HEALTH."  *See* TAC ¶¶ 3, 5-8, 38, 115, 117-

14   19, 122-25, 128-29, 134, 139-40, 143-46, 148, 163, 166, 168, 174, 176-78, 180-82, 184, 189-90,

15   192, 195-99, 202, 206, 209, 212, 215, 217-21, 224-34, 243.  As this Circuit has repeatedly held,

16   merely stating—without support—that a particular defendant only had knowledge of an alleged

17   fraudulent scheme is insufficient under the particularity requirements of Rule 9(b).  *Modglin*, 114

18   F. Supp. 3d at 1024 (finding that relators could not plead an FCA claim "[i]n the absence of any

19   factual allegations supporting relators' assertion that defendants acted with the requisite scienter").

20   In other words, merely stating that a defendant had knowledge of an alleged scheme is insufficient

21   to state an FCA claim against that defendant.  *Jones*, 2021 WL 3665939 at *8 (holding that relator's

22   allegations that a defendant knowingly had obligations to repay overpayments, knowingly

23   presented false claims, and knowingly misused code modifiers "failed to adequately allege

24   Defendants' knowledge as required for her FCA claim").

25   In her attempt to save her TAC from another dismissal, Relator will undoubtedly point to

26   a few paragraphs that she added in which she alleges that Sutter Health provided certain services

27   to Sutter Health hospitals, such as compliance policies, certain website mentions, board placement,

28

1   legal review, etc.  *See* TAC ¶¶ 97-107.  However, these allegations do not establish any claim for

2   relief.  *See Swartz*, 476 F.3d at 764-65 (finding dismissal proper as to two defendants when

3   complaint alleged only that defendants knew of false statements that other defendants made and

4   that defendants acted as agents of other defendants in carrying out the scheme).  Indeed, these

5   allegations do not touch upon the schemes that Relator alleges in any way.

6        Nor does Relator's broad allegation that Sutter Health gives "approval" for "physician

7   contract[s]" relate to any of the schemes alleged in the TAC, let alone indicate any role by Sutter

8   Health.  *See* TAC ¶ 105 ("No physician contract could be entered into by any of the hospitals

9   without such prior approval.  Any audits of compliance with the terms of physician compensation

10  contracts done at the hospital compliance level were reviewed and reacted to by the SUTTER

11  HEALTH Compliance Office and the SUTTER HEALTH General Counsel's Office.").  The Ninth

12  Circuit has expressly held that such unspecified allegations are insufficient to plead fraud claims.

13  *Corinthian Coll.*, 655 F.3d at 998 (internal citation omitted) (holding that relator's complaint failed

14  the heightened pleading requirements of Rule 9(b) because assertions that defendants monitored

15  and approved the illegal recruiter compensation packages at issue were insufficient to set forth

16  each defendant's participation in the alleged scheme) (reversing on other grounds).

17       Finally, Relator fails to even assert that Sutter Health can be liable for the acts of other

18  Defendants, let alone alleges facts to support the same.  Instead, Relator attempts to bootstrap

19  liability to her insufficient facts, repeating without basis that Sutter Health "possesses the spoils of

20  the fraudulent acts" described in the TAC and "must be held financially accountable for its own

21  fraudulent acts and for directing the fraudulent acts" of other defendants.  *See* TAC ¶¶ 162, 172,

22  187, 201, 223.  After four complaints, Sutter Health is still unaware of what fraudulent acts Relator

23  accuses it of and what direction (if any) Relator believes Sutter Health gave.  That these questions

24  still linger is indicative of the TAC's shortcomings.  *See Bly-Magee*, 236 F.3d at 1019 (holding

25  that to satisfy the heightened standard, the allegations must be "specific enough to give defendants

26  notice of the particular misconduct which is alleged to constitute the fraud charged so that they

27

28

1   can defend against the charge and not just deny that they have done anything wrong") (quoting

2   *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

3        Not one of Relator's causes of action, nor her descriptions thereof, specify the role Sutter

4   Health played in the alleged schemes, nor do they allege that Sutter Health is liable for any of the

5   claims described in the TAC.  Relator includes no allegations that connect Defendant Sutter Health

6   to the purported fraud at all.  Merely acknowledging an individual defendant's tangential role in

7   an arrangement is insufficient to allege its participation in the alleged fraudulent scheme.  As such,

8   Relator fails to allege with particularity all causes of action against Sutter Health.

9   **V.    CONCLUSION**

10       For the foregoing reasons, Sutter Health respectfully requests that the Court dismiss all

11  claims of Relator's Third Amended Complaint against Sutter Health (Counts 1 through 9) with

12  prejudice.  *See* Order at 6 ("the Court will give Relator one chance to amend").

13

14  Dated:  January 7, 2022                          Respectfully submitted,

15                                                   LATHAM & WATKINS LLP
                                                     By: */s/  Jason M. Ohta*
16                                                        Jason M. Ohta

17                                                   *Attorneys for Sutter Health, Sutter Valley*
                                                     *Hospitals, Sutter Valley Medical Foundation*
18                                                   *and Sutter Bay Hospitals*

19

20

21

22

23

24

25

26

27

28