**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899
mpritt@bsfllp.com

George F. Carpinello (Admitted *Pro Hac Vice*)
gcarpinello@bsfllp.com
Joseph Starsia (Admitted *Pro Hac Vice*)
jstarsia@bsfllp.com
30 S. Pearl St. 11th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665

*Additional Counsel Listed on Signature Block*

Attorneys for Relator

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA *ex. rel.* LAURIE M. HANVEY,<br><br>　　　　　　Relator,<br>　　v.<br>SUTTER HEALTH, *et al.*,<br>　　　　　　Defendants. | Case No. 14-cv-04100-KAW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Pursuant to this Court's *Standing Order for All Judges of the Northern District of California*, Federal Rule of Civil Procedure 16, and Civil Local Rule 16-9, the parties have met and conferred and hereby submit the following as their Joint Case Management Statement in advance of the Case Management Conference scheduled for June 21, 2022 at 1:30 p.m. PST.

**1. Jurisdiction and Service**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1367(a) and 3732, the last of which specifically confers jurisdiction on this Court for actions brought under the FCA and related claims brought under the laws of any State. This Court has jurisdiction over this qui tam action pursuant to 31 U.S.C. § 3730(b). Relator contends that she is an "original source" and is authorized to maintain this action in the name of the United States and the State of California. All parties have been served and no issues exist regarding personal jurisdiction or venue.

**2. Facts**

*Relator's Statement*

Plaintiff-Relator Laurie M. Hanvey brings this case on behalf of the United States and the State of California. Dkt. No. 175 (Third Amended Complaint, or "TAC") at ¶ 1. Relator alleges that Defendant Sutter Health, and its subsidiaries, Defendants Sutter Valley Hospitals, Sutter Valley Medical Foundation, and Sutter Bay Hospitals, entered into contracts with physicians' groups, including Defendants East Bay Cardiac Surgery Center Medical Group, Sutter Medical Group, and Stephen K. Liu, M.D., Professional Corporation, as well as contracts with Sacramento Cardiovascular Surgeons Medical Group, Inc. and California Emergency Physicians Medical Group ("CEPMG"), a Professional Corporation to perform services at Hospitals owned by Sutter Health and its subsidiaries (collectively, the "Compensation Arrangements").[1] *Id.* at ¶¶ 109, 163, 174, 189, 190, 202, 203. Relator alleges that the purpose of the Compensation Arrangements was to induce the physicians' groups to refer patients to Sutter Health and its subsidiary hospitals. *Id.* at ¶¶ 3A-3E.

---

[1] Relator has settled claims against Sacramento Cardiovascular Surgeons Medical Group, Inc. and CEPMG and these groups are no longer defendants. Relator's claims against Sutter Health and its subsidiaries related to these groups have not been settled and remain an active part of the case.

Relator alleges that these Compensation Arrangements constituted payments intended to induce referrals, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)-(2), and the Stark Statute, 42 U.S.C. § 1395nn and its associated regulations (collectively, the "Stark Law"). *Id.* at ¶ 4. For this reason, Relator alleges that claims for reimbursement for procedures performed pursuant to these arrangements submitted by Defendants to government payors including Medicare, Medicaid, Tricare, and the California Medicare program, Medi-Cal, were not eligible for reimbursement and violated the Federal False Claims Act, 31 U.S.C. § 3729-33, *et. seq.*, and the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650, *et seq. Id.* at ¶ 7.

*Defendants' Statement*

Defendants contend that, at all times, they acted lawfully, in compliance with all legal requirements, including but not limited to the Anti-Kickback Statute, 42 U.S.C. §§ 1320a-7b(b) ("AKS"), the Stark Law, 42 U.S.C. § 1395nn, Cal. Bus. & Prof. Code §§ 650 and 650.1, Cal. Welf. & Inst. Code § 14107.2, the False Claims Act, 31 U.S.C. §§ 3729-32 ("FCA"), and the California False Claims Act, Cal. Gov't Code §§ 12650 *et seq.* There has been no fraud, false statement, or kickback by any of the Defendants. The agreements at issue in this litigation were entered into lawfully and without improper intent, in accordance with all relevant laws and regulations. Furthermore, all payments to the medical groups and physicians referenced in the Third Amended Complaint were issued in accordance with and as contemplated by said agreements, and the provision of services by those medical groups and physicians similarly occurred in accordance with and as contemplated by said agreements. As a result, Defendants contend that they are not liable to Relator or any other person or entity in connection with the facts or claims asserted in the Third Amended Complaint.

**3.    Legal Issues**

*Relator's Statement*

Relator anticipates a disputed analysis of whether the compensation arrangements qualify for the exceptions to the Stark Law for "personal services arrangements," "fair market value arrangements," and "indirect compensation relationships." *See* 42 U.S.C. § 1395nn(e)(3)(A)(v) and associated regulations.

*Defendants' Statement*

Defendants expect issues to be adjudicated to include:

- Whether Relator can prove any valid claim for relief under the FCA or CFCA;
- Whether Relator has sufficient proof to establish that Defendants violated the AKS, California AKS, or Stark Law;
- Whether Relator can prove that Defendants conspired with one another or with others to commit any alleged violation of the AKS, California AKS, FCA, or CFCA; and
- Whether Relator is entitled to attorneys' fees under 31 U.S.C. § 3730(d)(2) or Cal. Gov. Code § 12652(g)(1)(A)(9)(A).

**4. Motions**

There are no pending motions.

Defendants filed motions to dismiss the two prior complaints. On March 17, 2021, the Court granted in part and denied in part Defendants' motions to dismiss the First Amended Complaint. Dkt. 131. The Court dismissed without prejudice Relator's claims against CEPMG, BASS Medical Group ("BASS"), and Sutter Medical Group, as well as all of Relator's Stark Law claims. *Id.*

On May 3, 2021, Relator filed the Second Amended Complaint. Dkt. 133. On November 2, 2021, the Court denied in part and granted in part motions to dismiss the Second Amended Complaint. Dkt. 172. The Court dismissed with prejudice all claims against Defendant BASS and Stark Law claims against East Bay Cardiac prior to February 4, 2009, and dismissed without prejudice all claim against Sutter Health and Sutter Bay Medical Foundation. *Id.*

Relator filed the Third Amended Complaint on December 8, 2021, realleging the allegations against Sutter Health.[2] Dkt. 175. The Court denied Sutter Health's motion to dismiss the Third Amended Complaint on April 21, 2022. Dkt. 190. All remaining Defendants have answered the TAC. Dkt. 178, 179, 180, 193, 194, 195, 196. Defendants anticipate filing motions for summary judgment after the close of discovery.

---

[2] The Third Amended Complaint did not include allegations against Sutter Bay Medical Foundation.

Defendants reserve the right to file other pretrial motions, including any motions relating to discovery disputes about the scope of discovery and any applicable privilege or protection, evidentiary motions *in limine* to exclude evidence obtained as a result of Relator's partially privileged position (among others), and motions to exclude experts.

**5.    Amendments of Pleadings**

The parties do not anticipate any further amendments to the pleadings at this time, but reserve the right to move to amend should the need arise.

**6.    Evidence Preservation**

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred under Federal Rule of Civil Procedure 26(f) about reasonable and proportionate steps taken to preserve evidence relevant to the issues implicated by this action. The parties do not believe at this time that there is any impediment to the preservation or production of relevant ESI.

**7.    Disclosures**

The parties have stipulated per Rule 26(a)(1)(C) to exchange initial disclosures on July 15, 2022.

**8.    Discovery**

No discovery has taken place to date and the parties have not identified any discovery disputes and do not see a need for the entry of any special orders by the Court with regard to discovery at this time.  A proposed discovery schedule is set forth under Item 17 herein.

**9.    Class Actions**

This is not a class action.

**10.    Related Cases**

There are no related cases pending before any other judges or court.

**11.    Relief**

The Third Amended Complaint alleges injury to the United States and the State of California in the form of the submission of claims for reimbursement from the Government for services provided pursuant to the Compensation Agreements.  The full extent of these claims,

trebled, are damages for which the Government is entitled to recover under the False Claims Act. In addition, the Government is entitled to recover statutory penalties for each false claim. Defendants dispute the allegations in the Third Amended Complaint. Because Defendants complied with all applicable legal obligations, they contend that no individual or entity is entitled to recover any damages or penalties.

Proof at trial, largely in the form of expert testimony, will determine the amount of damages and penalties, if any.

**12. Settlement and ADR**

The parties will confer at the close of fact discovery to determine if mediation would be appropriate.

**13. Consent to Magistrate Judge for All Purposes**

The parties consent to conducting all further proceedings before the Magistrate Judge.

**14. Other References**

The parties do not believe any other references are appropriate.

**15. Narrowing of Issues**

The issues have already been narrowed by the various motions to dismiss and the parties are not able to determine at this stage whether the trial can be expedited through some stipulated facts. At this stage the parties do not anticipate any bifurcation of issues, claims or defenses.

**16. Expedited Trial Procedure**

This is not a case appropriate for expedited trial procedure.

**17. Scheduling**

The parties propose the following schedule for discovery and hearing of dispositive motions.

    a. July 14, 2023: Conclusion of fact discovery.

    b. September 29, 2023: End of expert discovery (including depositions of experts).

    c. November 17, 2023: Filing of any motion for summary judgment.

    d. December 22, 2023: Filing of answering papers on the motion for summary judgment.

    e. January 12, 2024: Filing of reply on the motion for summary judgment.

The parties defer to the Court with regard to the dates to be set for pretrial conference and trial.

**18.   Trial**

The parties agree that the case will be tried to the jury and anticipate that the trial will last three weeks.

**19.   Disclosure of Non-Party Interested Entities or Persons**

The parties will ensure that each party has filed a Certificate of Interested Entities or Persons prior to the scheduling conference.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Protective Order**

The parties anticipate that they will reach agreement on a protective order to govern the non-disclosure of confidential information based upon the standard order for the Northern District of California. The parties agree that a stipulated order under Federal Rule of Evidence 502(d) is appropriate in this case and will include one with the protective order.

Respectfully submitted,

Dated:  June 14. 2022

/s/ Maxwell V. Pritt
Maxwell V. Pritt
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899
mpritt@bsfllp.com
*Attorneys for Relator*

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 14, 2022 | /s/ Jason M. Ohta |
| 3 | | Jason Masashi Ohta<br>**LATHAM & WATKINS LLP** |
| 4 | | 12670 High Bluff Drive<br>San Diego, CA 92130 |
| 5 | | 858-523-5400 Fax: 858-523-5450<br>Jason.Ohta@lw.com |
| 6 | | *Attorneys for Sutter Health, Sutter Valley Hospitals, Sutter Valley Medical* |
| 7 | | *Foundation, Sutter Bay Hospitals* |
| 8 | | |
| 9 | | |
| 10 | Dated: June 14, 2022 | /s/ Carla J. Hartley |
| | | Carla J. Hartley |
| 11 | | **DILLINGHAM & MURPHY, LLP**<br>155 Sansome Street, Suite 700 |
| 12 | | San Francisco, CA 94104 |
| 13 | | (415) 397-2700<br>Cjh@dillinghammurphy.com |
| 14 | | *Attorneys for Sutter Medical Group, Inc.* |
| 15 | | |
| 16 | | |
| 17 | Dated: June 14, 2022 | /s/ Jason M. Allen<br>Jason Michael Allen |
| 18 | | **KESSENICK GAMMA & FREE, LLP**<br>1 Post Street, Suite 2500 |
| 19 | | San Francisco, CA 94104 |
| 20 | | (415) 362-9400 Fax: (415) 362-9401<br>Jallen@kgf-Lawfirm.com |
| 21 | | *Attorneys for Dr. Stephen K. Liu, M.D., Professional Corporation* |
| 22 | | |
| 23 | | |
| 24 | Dated: June 14, 2022 | /s/ Matthew C. Dirkes |
| 25 | | Matthew Carter Dirkes<br>**BOERSCH & ILLOVSKY LLP** |
| 26 | | 1611 Telegraph Avenue, Suite 806<br>Oakland, CA 94612 |
| 27 | | (415) 500-6477<br>Matt@boersch-Illovsky.com |
| 28 | | *Attorneys for East Bay Cardiac Surgery Center* |

# ATTESTATION

I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt

**CERTIFICATE OF SERVICE**

I, Maxwell V. Pritt, hereby certify that on the 14th day of June, 2022, I served the forgoing document on all counsel of record via ECF.

/s/ *Maxwell V. Pritt*
Maxwell V. Pritt