UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, et al.,<br><br>Defendants. | Case No. 4:14-cv-04100-KAW<br><br>**ORDER DENYING RELATOR'S MOTION FOR DETERMINATION AS TO WAIVER OF PRIVILEGE**<br><br>Re: Dkt. No. 354 |

On August 12, 2024, Relator Laurie M. Hanvey filed a motion for determination as to the waiver of privilege. (Mot., Dkt. No. 354.) Specifically, she argues that Sutter Health waived attorney-client privilege over the communications relating to its internal review of the fair market value and commercial reasonableness of certain financial arrangements. *Id.* at 2.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and DENIES Relator's motion to the extent that she seeks a wholesale waiver of the attorney-client privilege concerning the relevant documents. Notwithstanding, the Court orders alternative relief for the reasons set forth below.

## I.   RELEVANT BACKGROUND

On September 10, 2014, Relator Laurie M. Hanvey filed the instant case against Defendants, asserting violations of the False Claims Act and California False Claims Act. Specifically, Relator alleges that Sutter Health knowingly entered into compensation arrangements in violation of the Anti-Kickback Statute ("AKS") and the Physician Self-Referral Law ("Stark Law") by paying or providing unlawful kickbacks, excessive compensation, free employees, and other illegal incentives to SMG, East Bay Cardiac, Liu PC, California Emergency Physicians Medical Group ("CEPMG"), and Sacramento Cardiovascular Surgeons Medical Group ("Sac

Cardio") (collectively, "Physician Groups"). (Third Am. Compl., "TAC," Dkt. No. 175 at 3-4.) Relator further alleges that Defendant Sutter Health then knowingly submitted and/or caused others to submit false and fraudulent claims related to services rendered to patients referred to it by the Physician Groups, again in violation of the AKS and Stark Law. (TAC at 3-4.)

On August 25, 2023, Sutter Health served a supplemental interrogatory response stating that the Sutter Defendants "do not intend to invoke an affirmative defense of good faith interpretation of law, or of good faith belief in the legality of events. Sutter Defendants similarly do not intend to invoke an affirmative defense of reliance on advice of counsel." (Resp. to Interrog. No. 1, Decl. of George F. Carpinello, "Carpinello Decl.," Dkt. No. 354-1, Ex. C at 5.)

On May 17, 2024, Sutter Health and the other Defendants filed a joint motion for summary judgment. (Defs.' MSJ, Dkt. No. 294.)  Therein, Defendants represented that:

> Once Sutter identified the services they needed to attain their goals and the best physicians to provide those services, **Sutter's administrators worked closely with Sutter's legal team to ensure that all aspects of the Physician Group arrangements complied with the relevant laws, including the AKS and Stark Law—a rigorous process that required each arrangement to be supported by a third-party FMV appraisal.** Sutter's compliance program was responsible for reviewing the terms of physician agreements to determine that they were supported with FMV assessments, and that there was a "business purpose" or rationale for entering into the agreements. Sutter's compliance officers also reviewed physician group timesheets submitted by physicians in order to determine that the tasks performed were consistent with their obligations under the contracts.

(Defs.' MSJ at 4)(emphasis added.)  In support of the motion for summary judgment, Defendants cited to deposition testimony from two former Sutter Health administers confirming that they consulted with Sutter legal. *Id.* at 4, n. 9.

After an unsuccessful meet and confer effort, Relator filed the instant motion on August 12, 2024. (Mot., Dkt. No. 354.)  On August 26, 2024, Sutter Health filed an opposition. (Opp'n, Dkt. No. 359.)  On September 3, 2024, Relator filed a reply. (Reply, Dkt. No. 366.)

## II. DISCUSSION

Now, Relator moves for a determination that Sutter Health's representation that the "rigorous process" involved consultation with legal counsel constitutes a waiver of attorney-client

privilege over the 400 documents relating to its internal review of the fair market value ("FMV") and commercial reasonableness of the relevant financial arrangements. (Mot. at 2, 8; *see also* Privilege Log, Carpinello Decl. ¶ 5, Ex. D.) Relator then requests that the Court order the production of the previously withheld documents. *Id.* at 2.

### A. No waiver of attorney-client privilege

Relator argues that Sutter Health's representation and deposition testimony in the motion for summary judgment furthers only one defense: "that Sutter Health consulted with its attorneys before entering into these contracts, and therefore had reason to believe they were legal." (Mot. at 2.) At the same time, per the privilege log, the internal communications with Sutter Health's legal department pertaining to FMV were withheld on the basis of attorney-client privilege, which prevents Relator "from knowing whether the physician arrangements truly were blessed by the legal department as Sutter Health represents." *Id.*

In opposition, Sutter Health argues it never asserted an advice of counsel defense and it does not intend to do so. (Opp'n at 5.) Sutter Health also argues that Relator's motion is procedurally defective because she was not diligent in seeking discovery three months after Defendants filed their joint motion for summary judgment, and five months after the close of fact discovery. *Id.* at 2. While Relator would have ideally filed this motion sooner, the Court declines to find her dilatory given the volume of motion practice that has occurred in the preceding months.

"The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness. Its principal purpose is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996).

In opposition, Sutter Health contends that the "reference to its administrators and lawyers working on 'a rigorous process' of preparing FMV appraisals is simply a background fact in Sutter's summary judgment motion." (Opp'n at 7.) Sutter Health continues that it did "not rely on this fact, or the content of the lawyers' advice, for any aspect of its defenses, including scienter." *Id.* Similarly, the portions of the depositions cited by Relator "merely note the fact that the

witnesses spoke with Sutter's legal department and 'fair market value personnel' concerning FMV analyses." *Id.* (citing Defs.' MSJ at 4, n.4.) Furthermore, Sutter argues that its "references to these background facts fails to put attorney-client privileged communications at issue in any material respect." (Opp'n at 7.)

The Court agrees. "Courts have declined to find waiver where, like here, the disclosure was little more than 'undetailed conclusions about its investigation,' and were not used in support of a legal claim." *Tesla, Inc. v. Guangzhi Cao*, No. 19-CV-01463-VC (KAW), 2021 WL 540351, at *1 (N.D. Cal. Jan. 19, 2021). Here, Sutter Health's references to its legal department was an undetailed conclusion about its general process, and Sutter Health has repeatedly claimed that it is not asserting an advice of counsel defense. Thus, the Court concludes that Sutter Health has not waived attorney-client privilege and denies Relator's request to compel the production of the designated documents.

### B.   Evidence of consultation with counsel will be precluded at trial.

Nonetheless, the Court is persuaded by Sutter Health's argument that narrower relief is the proper remedy. (Opp'n at 9.) Sutter Health undeniably cites the collaboration with its legal team to bolster its position that it adhered to a "rigorous process" supported by third-party FMV appraisals, so Relator is entitled to some relief. (*See* Defs.' MSJ at 4.)

While Relator did not request this relief, the Court is persuaded by the rationale and approach taken in *Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08-CV-05129-JCS, 2013 WL 1366037, at *2 (N.D. Cal. Apr. 3, 2013), and agrees with Sutter Health that the same remedy is appropriate here. (*See* Opp'n at 9.) In *Volterra,* the court found that "the introduction of any evidence that [Defendant's] investigation included seeking advice of counsel would be sufficient to put that advice in issue and further, would result in unfairness to [Plaintiff] to the extent it would leave the jury with the impression that [Defendant] relied on the advice of counsel." *Id.* In mitigation, the *Volterra* court excluded any evidence that Defendant consulted with counsel. *Id.* at *3. The Court finds that this narrower form of relief is appropriate and will do the same.

Accordingly, Sutter Health is precluded from introducing any evidence at trial that its "rigorous process" included working or consulting with Sutter's legal team.

4

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Relator's motion for determination as to waiver of privilege. Notwithstanding, the Court GRANTS alternative relief, and prohibits the introduction of any evidence, testimony, or arguments that Sutter Health worked with its legal team as part of its process relating to its internal review of the fair market value ("FMV") and commercial reasonableness of the relevant financial arrangements.

IT IS SO ORDERED.

Dated: September 19, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge